IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>L. SMITH, ET AL.,<br><br>　　　　Defendants. | No. C 05-3066 JSW (PR)<br><br>**ORDER DENYING MOTIONS WITHOUT PREJUDICE AND DIRECTING PLAINTIFF TO FILE A NOTICE OF CORRECT ADDRESS**<br><br>(Docket nos. 2, 6) |

　　　　On July 28, 2005, Plaintiff, a pretrial detainee, filed a *pro se* civil rights action under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. On that same date, the clerk of the court sent Plaintiff a notice that his *in forma pauperis* application was deficient and must be completed within thirty days. The notice was sent to the address Plaintiff had written on his complaint, at the Santa Clara County Jail in San Jose. On August 25, 2005, the envelope with the notice was returned to the Court unopened, with the notation that delivery had been attempted, but the recipient was "not known." Over the course of the next several months, the Court received several letters of correspondence from Plaintiff, as well as a first amended complaint and a discovery motion. Plaintiff's return address showed that he was incarcerated at the Santa Clara County Jail under booking number 05031437, and that is the address that was entered on the Court's docket. On or about November 7, 2005, the clerk of the court sent to Plaintiff a response to his letters and a copy of his docket sheet. On November 14, 2005, the envelope was returned unopened, with the notation that there was no such prisoner number. Since then, the Court has received two more letters from Plaintiff. His return address is the same as previously noted, but in his most recent letter his booking number is different. Rather than 05031437, the number is written as 03051347.

　　　　Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of

address specifying the new address. See L.R. 3-11(a). The court may, without prejudice, dismiss a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. See L.R. 3-11(b). Here, more than sixty days have passed since the first piece of mail directed to Plaintiff by the Court was returned as undeliverable, but Plaintiff has continued to communicate with the Court from what appears to be the same address, even after the second piece of mail directed to Plaintiff by the Court also was returned as undeliverable more than fifty days ago. Thus, the address with which Plaintiff has provided the Court seems to be incorrect, even if it is the address that Plaintiff is putting on his communications.

The Court will not rule on the merits of Plaintiff's motions or review his complaint until it is satisfied that it is able to communicate with Plaintiff at his correct address. Therefore, **within twenty (20) days from the date of this order** Plaintiff shall file a notice with the Court containing his correct, current address. The failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (a court should afford the litigant prior notice before dismissing for failure to prosecute).

The Clerk of the Court shall send a copy of this order to Plaintiff at the Santa Clara County Jail under the most recent booking number he has provided.

Plaintiff's motions to proceed *in forma pauperis* and for discovery are DENIED without prejudice. If Plaintiff complies with this order, the Court will review the motions anew. This order terminates docket numbers 2 and 6.

IT IS SO ORDERED.

DATED: January 9, 2006

_____
JEFFREY S. WHITE
United States District Judge

2