1

IN THE UNITED STATES DISTRICT COURT

2

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

DEAN A. SCHWARTZMILLER,     )   No. C 05-3066 JSW (PR)

                      )

5

          Plaintiff,   )   **ORDER OF DISMISSAL WITH**

                      )   **LEAVE TO AMEND AND**

6

       vs.          )   **INSTRUCTIONS TO THE CLERK**

                      )

7

L. SMITH, ET AL.,        )   (Docket no. 11)

                      )

8

        Defendants.   )

                      )

9

10

11

On July 28, 2005, Plaintiff filed a *pro se* civil rights action under 42 U.S.C. § 1983

12

and a motion for leave to proceed *in forma pauperis*. Since the filing of the complaint,

13

Plaintiff has filed several amended complaints, the last being the "Second Amended

14

Complaint" which was received by the Court on December 13, 2005.  On January 9, 2006,

15

the Court ordered Plaintiff to notify the Court of his current correct address. (docket no.

16

10).  Thereafter, the Court received a current address from Plaintiff and a motion seeking

17

to allow supplemental pleadings in this matter (docket no. 11).  In this order the Court

18

reviews Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A and

19

dismisses the complaint with leave to amend within thirty days.  Plaintiff's motion seeking

20

to proceed *in forma pauperis* is GRANTED in a separate order filed simultaneously.

**DISCUSSION**

21

As a preliminary matter, Plaintiff has filed a complaint which includes separate and

22

unrelated claims involving numerous different Defendants.  Plaintiff has failed to properly

23

join these claims and Defendants and the Court will therefore dismiss the complaint with

24

leave to file an amended complaint alleging only properly joined claims.

25

I     Standard of Review

26

Federal courts must engage in a preliminary screening of cases in which prisoners

27

seek redress from a governmental entity or officer or employee of a governmental entity.

28

28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the

1  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

2  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

3  defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be

4  liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

5  　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two  elements:

6  (1) that a right secured by the Constitution or laws of the United States was violated, and

7  (2) that the alleged violation was committed by a person acting under the color of state

8  law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

9  　　　Although a plaintiff is not required to plead "specific factual details not

10  ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th

11  Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the

12  complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th

13  Cir. 1976).  A complaint must contain sufficient allegations to put defendants fairly on

14  notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

15  A complaint that fails to state the specific acts of the defendant which violated the

16  plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure

17  8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  The failure to

18  comply with Rule 8(e), requiring each averment of a pleading to be "simple, concise, and

19  direct," is also a basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.

20  1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with

21  redundancy, and largely irrelevant").

22  II.　　Legal Claims

23  　　　The complaint filed by Plaintiff is deficient in that it does not set forth the short and

24  plain statement of each of the claims and does not contain simple, concise and direct

25  averments, as required by Federal Rule of Civil Procedure 8, which identify the specific

26  acts of each Defendant that violated Plaintiff's rights.  Plaintiff must file an amended

27  complaint.  His amended complaint must cure the deficiencies addressed below.

28

1    First, the amended complaint must identify (in each claim) each and every

2    Defendant who Plaintiff proposes to hold liable on that claim.  Plaintiff should not refer to

3    them as a group, i.e., "the defendants;" rather, he should identify each involved Defendant

4    by name and link each of them to his claim by explaining what each defendant did or

5    failed to do that caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844

6    F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under §

7    1983 only if plaintiff can show that defendant proximately caused deprivation of federally

8    protected right).  Plaintiff is cautioned that there is no respondeat superior liability under

9    Section 1983, i.e. no liability under the theory that one is responsible for the actions or

10   omissions of an employee.  Liability under Section 1983 arises only upon a showing of

11   personal participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

12   1989).

13   If Plaintiff wants to include a municipality as a defendant, he must use care in

14   attempting to allege municipal liability.  A municipality can be a "person" subject to

15   liability under § 1983 when its official policy or custom causes a constitutional tort, but a

16   municipality has no vicarious liability for the unconstitutional acts of its employees under

17   the theory of respondeat superior.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690

18   (1978); *see Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir.

19   1997) (to establish municipal liability based on an official policy or custom, plaintiff must

20   show: (1) that he possessed a constitutional right of which he was deprived; (2) that the

21   municipality had a policy; (3) that this policy amounts to deliberate indifference to the

22   plaintiff's constitutional rights; and (4) that the policy is the moving force behind the

23   constitutional violation).  A municipality also may be liable for constitutional violations

24   from its failure to supervise, monitor or train, but only where that failure amounts to

25   deliberate indifference to the rights of persons with whom the municipality's employees

26   come into contact.  *See Canton v. Harris*, 489 U.S. 378, 388 (1989).

27   Second, Doe defendant liability must be properly alleged. Plaintiff included "Doe"

28

3

1   Defendants in his complaint, but he does not identify specifically what each "Doe"

2   Defendant did.  A plaintiff may use Doe defendant designations to refer to defendants

3   whose names are unknown to plaintiff; however, he must number them, e.g., John Doe #1,

4   John Doe # 2, etc. so that each numbered John Doe refers to a different person.  Although

5   the use of Doe defendants is acceptable to withstand dismissal of the complaint at the

6   initial review stage, Plaintiff is cautioned that using Doe defendants creates its own

7   problem:  those persons cannot be served with process in this action until they are

8   identified by their real names.  Plaintiff must promptly take steps to discover the names of

9   the unnamed defendants and provide that information to the court in an amendment to his

10   pleading.  The burden remains on the Plaintiff; the court will not undertake to investigate

11   the names and identities of unnamed defendants.

12   Third, the complaint does not satisfy Federal Rule of Civil Procedure 20(a)

13   concerning joinder of claims and defendants.  Federal Rule of Civil Procedure Rule 20

14   provides,

15   All persons. . .may be joined in one action  as defendants if there is asserted
against them jointly, severally, or in the alternative, any right to relief arising
16   out of the same transaction, occurrence or series of transactions or
occurrences and if any question of law or fact common to all defendants will
17   arise in the action.

18
19   F. R. Civ. P. 20(a).  Plaintiff's claims allege completely unrelated claims against different

20   Defendants.  The claims are not related such that they may be joined in a single action.  In

21   his amended complaint, Plaintiff may only allege claims that (a) arise out of the same

22   transaction, occurrence, or series of transactions or occurrences and (b) present questions

23   of law or fact common to all defendants named therein.  Claims that do not satisfy Rule

24   20(a) must be alleged in separate complaints.  Plaintiff will be provided with thirty days in

25   which to amend to correct the deficiencies in his complaint.  If Plaintiff's amended

26   complaint includes claims and parties that are not properly joined, they may be "dropped

27   or added by order of the court . . .on such terms as are just.  F. R. Civ. P. 21; *Coughlin v.*

28

1  *Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  As such, Plaintiff's motion seeking to allow

2  supplemental pleading is DENIED as moot (docket no. 15).

3  **CONCLUSION**

4       For the foregoing reasons and for good cause shown,

5       1.  The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.

6  Plaintiff shall file an amended complaint alleging only properly joined claims within ***thirty***

7  ***days from the date of this order***.  The amendment must include the caption and civil case

8  number used in this order and the words "COURT ORDERED THIRD AMENDED

9  COMPLAINT" on the first page.  Failure to amend within the designated time will result

10  in the dismissal of the complaint without prejudice.

11       2.  Plaintiff is advised that an amended complaint supersedes the original

12  complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint

13  which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644

14  F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no

15  longer Defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,

16  506 U.S. 915 (1992).

17       3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

18  Court informed of any change of address and must comply with the Court's orders in a

19  timely fashion.  Failure to do so may result in the dismissal of this action under Federal

20  Rule of Civil Procedure 41(b).

21       4.

22       IT IS SO ORDERED.

23  DATED: April 27, 2006

                                JEFFREY S. WHITE
24                              United States District Judge

25

26

27

28

5