IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>L. SMITH, Sheriff; CAPTAIN<br>WONG, Commander; JOHN or JANE<br>DOE 1-6; SERGEANT SPAGL and<br>SANTA CLARA COUNTY,<br><br>    Defendants. | No. C 05-3066 JSW (PR)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

On July 28, 2005, Plaintiff filed a *pro se* civil rights action under 42 U.S.C. § 1983. On April 27, 2006, this Court dismissed Plaintiff's amended complaint with leave to amend within thirty days directing Plaintiff to file separate complaints for any claims that were not properly joined (docket no. 14). On May 30, 2006, Plaintiff filed two amended complaints (docket no. 17), one of which this Court ordered the Clerk to file by as a separate complaint (docket no. 18). This order serves the amended complaint filed in this case, as set forth below.

## ANALYSIS

I    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II     Legal Claims

    A.     Classification and Conditions Claims

In his first, second and third cause of action, Plaintiff alleges that on June 7, 2005, he was initially placed in the general population of protective custody.  He alleges that on June 17, 2005, he was reclassified without any notice or hearing to "ultra PC" where he has no exercise and is placed in chains, handcuffs and leg shackles whenever he is removed from his cell.  He further alleges that on December 17, 2005, he was again reclassified to "maximum security punitive status" without any notice or hearing.  He contends that the conditions there were such that he was confined to his cell 24 hours per day, was not provided any recreation and is chained, shackled and handcuffed behind his back whenever he leaves his cell.

Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it,

2

and (2) the liberty in question is one of "real substance." *See id.* at 477-87. In *Wilkinson v. Austin*, 545 U.S. 209, 223-25 (2005), the Supreme Court held that indefinite placement in Ohio's "supermax" facility, where inmates are not eligible for parole consideration, imposes an "atypical and significant hardship within the correctional context."

The Ninth Circuit has not addressed the question whether state statutes and regulations governing administrative segregation in the California county jails create a liberty interest in freedom from administrative segregation. California Code of Regulations, title 15 § 1053 provides that each administrator of a local detention facility shall develop written policies and procedures which provide for the administrative segregation of inmates who are determined to be prone to escape, prone to assault staff or other inmates, or likely to need protection from other inmates, if such administrative segregation is determined to be necessary in order to obtain the objective of protecting the welfare of inmates and staff. Such segregation shall consist of separate and secure housing, but shall not involve any other deprivation of privileges than is necessary to obtain the objective of protecting the inmates and staff. *Id.* § 1053. Arguably, this language, in conjunction with a deprivation of "real substance," would create a liberty interest in freedom from administrative segregation under *Sandin*. As such, Plaintiff's claims regarding his two reclassifications will be served.

Because Plaintiff's amended complaint fails to allege any substantial acts of retaliation, or any link between the classification committee's knowledge of his legal activity and a threat by the individual[s] effecting his cell move to confiscate his legal property, this aspect of Plaintiff's second cause of action will be dismissed. Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this").

Moreover, exercise is one of the basic human necessities protected by the Eighth

3

Amendment. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993); *Toussaint v. Rushen*, 553 F. Supp. 1365, 1380 (N.D. Cal. 1983), *aff'd in part and vacated in part*, 722 F.2d 1490 (9th Cir. 1984). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well-being" of prisoners. *See Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). Prison officials therefore may not deprive prisoners of regular exercise. *See Toussaint v. McCarthy*, 597 F. Supp. 1388, 1393 (N.D. Cal. 1984). Prisoners "confined to continuous and long-term segregation" may not be deprived of outdoor exercise. *See Keenan v. Hall*, 83 F.3d 1083, 1089-90 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998).

      B.     Access to Courts

Plaintiff alleges that on June 23, 2005, he was served with an eviction complaint by Defendant Spagl, which required a response within five days. Plaintiff contends that during the subsequent five day period, he was only allowed out of his cell for one half hour and denied access to a telephone to contact legal assistance, his mail request for legal assistance was not sent out and he was informed that he had no right to access the law library because he was not representing himself on a criminal matter. He contends that he lost his personal property as a result of his inability to access the courts to respond to this eviction proceeding.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. As such, Plaintiff's claim will be served.

C.     Mail

Plaintiff alleges that mail clerks at the jail have deprived him of his mail, without providing him of notice that certain items have been rejected. Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th

4

Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Prisoners also have a liberty interest in the receipt of mail which triggers procedural due process guarantees. *Krug v. Lutz*, 329 F.3d 692, 696-967 (9th Cir. 2003). If prison officials withhold mail, a prisoner has due process right to receive notice that his incoming mail is being withheld. *See Frost v. Symington*, 197 F.3d 348, 353-54 (9th Cir. 1999); *see also Prison Legal News v. Cook*, 238 F.3d 1145, 1152-53 (9th Cir. 2001) (holding that due process rights apply to withheld mail where prisoners had constitutionally protected right to receive the mail). As such, Plaintiff's fifth claim will be served.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto with all attachments thereto, and a copy of this order upon Defendants: **L. Smith, Sheriff, Captain Wong, Commander, and Sergeant Spagl at the Santa Clara County Jail; and Santa Clara County.** The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. All papers filed with the Court shall be promptly served on the Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

      c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    4. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than **five** days prior

6

to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: November 29, 2006

_____
JEFFREY S. WHITE
United States District Judge

7