IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER,<br><br>   Plaintiff,<br><br> v.<br><br>CAPTAIN WONG, et al.,<br><br>   Defendants. | No. C 05-3066 JSW (PR)<br><br>**ORDER GRANTING LEAVE TO AMEND; OF SERVICE UPON NEW DEFENDANTS; RESOLVING PENDING MOTIONS; SCHEDULING DISPOSITIVE MOTIONS**<br><br>(Docket Nos. 33, 44, 48, 57, 58, 59, 63, 66, 70) |

On July 28, 2005, Plaintiff filed a *pro se* civil rights action under 42 U.S.C. § 1983 regarding the conditions of his confinement at the Santa Clara County Jail. On April 27, 2006, this Court dismissed Plaintiff's Second Amended Complaint with leave to amend within thirty days, and on May 30, 2006, Plaintiff filed a Third Amended Complaint. On November 29, 2006, this Court ordered service of the Third Amended Complaint upon Defendants Smith, Wong, and Spagl at the Santa Clara County Jail, and upon the County of Santa Clara. Plaintiff filed a motion for partial summary judgment, and the served Defendants, Smith, Wong and the County of Santa Clara both opposed said motion and filed their own cross-motion for summary judgment. Pursuant tot he Court's order of September 17, 2007, Plaintiff has filed a motion for leave to file a Fourth Amended Complaint. The Court addresses these motion, along with Plaintiff's motion to compel and numerous other miscellaneous motions below.

**DISCUSSION**

A. <u>Motion to Amend</u>

Plaintiff has filed a motion for leave to file a Fourth Amended Complaint (Docket No. 59). In the September 17, 2007 order, the Court provided as follows:

> [I]f Plaintiff wishes to amend his complaint to add specific Defendants with regard to only those claims that are currently pending, he may do so by way of a motion seeking leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, along with an amended complaint. Should Plaintiff choose to file such a motion, he is reminded that an amended complaint filed as a matter of course or after leave of court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (original complaint that was not incorporated into pro se litigants' unsolicited amended complaint was properly ignored). If Plaintiff wishes to file a motion seeking to file an amended complaint and an amended complaint adding these Defendants, he must do so within thirty days from the date of this order. The Court will stay consideration of Plaintiff and Defendants' cross-motions for summary judgment during this time. Failure to file within thirty days will result in the Court's denying any future motion to amend. Given the procedural posture of this case and the previously filed amendments, the Court will not consider any allegations with regard to these or other Defendants which were not raised in the Third Amended Complaint.

As plaintiff timely filed his motion for leave to amend, and the attached Fourth Amended Complaint adheres to the Court's order insofar as it does not add new claims or allegations but rather simply seeks to replace "Doe" defendants with new, named Defendants, Plaintiff's motion for leave to file the Fourth Amended Complaint (Docket No. 59) is GRANTED. As this case has been pending for nearly three years, and plaintiff has now filed his *fourth* amended complaint, no further leave to amend the complaint will be granted.

As noted in the language quoted above, the Fourth Amended Complaint supersedes Plaintiff's prior complaints. In his Fourth Amended Complaint, Plaintiff has not included Defendant Smith or the fifth cause of action regarding mail handling from

2

this Third Amended Complaint. Plaintiff has added new Defendants Sepulveda, Vierra and Kolb to his first through third causes of action (regarding his allegedly improper reclassification), and has replaced Defendant "Spagl" with Defendant "Spagnola" in connection with his fourth cause of action, regarding access to courts. Consequently, the claims against Defendant Smith, and the fifth cause of action regarding mail handling are DISMISSED. The Court will order service of the Fourth Amended Complaint upon the new Defendants, and will schedule a new round of dispositive motions pertaining to the new pleadings in this matter. As the Plaintiff's motion for partial summary judgment (Docket No. 33) and Defendants' motion for summary judgment (Docket No. 48) pertain to the Third Amended Complaint, which is no longer the operative complaint herein, such motions are DENIED without prejudice to the parties refiling dispositive motions with respect to the Fourth Amended Complaint pursuant to the schedule set forth below.

B.   Motion to Compel

In addition, Plaintiff has also filed a motion seeking to compel discovery (docket no. 44). In opposition to the motion, as well as in subsequent status reports, Defendants detail their responses to Plaintiff's discovery requests and their attempts to confer with Plaintiff by letter, as required under Rule 37(a). Defendants provided Plaintiff with responsive documents and responses to interrogatories on April 13, 2007, May 4, 2007, May 30, 2007, and November 29, 2007. In all, Defendants provided Plaintiff with over 500 pages of responsive documents, including Plaintiff's jail file, his medical records and unrestricted jail policies and procedures. Defendants have also provided Plaintiff with timely objections to his discovery requests, and a privilege log, as amended, on November 29, 2007.

Plaintiff states that he seeks an order compelling all documents and responses identified in Defendant's privilege log, as well as any redacted information. The information on the privilege log consists of jail policies and procedures for the use of force, the movement of inmates, the classification and placement of inmates, the use of

3

pepper spray, and other jail policies and procedures. These materials are largely irrelevant to plaintiff's claims that he was mis-classified and denied access to the courts. The redacted information is information concerning inmates other than Plaintiff. The Defendants correctly indicate that revealing to an inmate the policies and procedures for such matters as the use of force and the movement of inmates would jeopardize the safety and security of the jail. Revealing information to Plaintiff about other inmates would jeopardize their privacy, and potentially their safety. Finally, plaintiff has already received a voluminous amount of records and responses relevant to his claims. Plaintiff has not identified the specific relevance of any specific missing document or response to any particular claim or allegation by Plaintiff. Consequently, the motion to compel (Docket No. 44) is DENIED.

Both Plaintiff and Defendants should make continued efforts to meet and confer, in the interest of resolving discovery disputes amicably without court intervention.
 that any specific response was denied

**CONCLUSION**

1. Plaintiff's request for leave to file the Fourth Amended Complaint is GRANTED. The Clerk of the Court shall file the Fourth Amended Complaint attached to the Plaintiff's October 11, 2007 motion.

2. The claims against Defendants Smith and Spagl, and Plaintiff's claims regarding the handling of his mail are DISMISSED. The remaining claims in the Fourth Amended Complaint, as described in the November 29, 2006 Order of Service, are cognizable, as against Defendants Wong, Sepulveda, Vierra, Kolb, Spagnola and the County of Santa Clara.

3. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the October 11, 2007 Fourth Amended Complaint and all attachments thereto, and a copy of this order upon Defendants: **Captain David Sepulveda, Officer Vierra, and Officer Kolb** at the **Santa Clara**

4

**County Jail;** and upon **Deputy Sheriff Sergeant John Spagnola (Badge # 1642)** at the **Santa Clara Sheriff's Department.** The Clerk shall also serve a copy of this order on Plaintiff and upon defense counsel, the Santa Clara County Counsel's Office.

   4. Plaintiff's partial motion for summary judgment (Docket No. 33) and Defendants' motion for summary judgment (Docket No. 48) are DENIED without prejudice to filing new summary judgment or other dispositive motions no later than **sixty (60) days** from the date this order is filed. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. All papers filed with the Court shall be promptly served on the other party.

   Any opposition to a summary judgment or other dispositive motion shall be filed with the Court and served on the moving party no later than **thirty (30) days** from the date the motion is filed.

   Plaintiff is advised to read the notice set forth in the November 29, 2006 Order of Service regarding summary judgment from *Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc), as well as Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

   The parties shall file reply briefs no later than **fifteen (15) days** after the opposition is filed.

   The motions shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motions unless the Court so orders at a later date.

   5. Plaintiff's motion to compel discovery (Docket No. 44) is DENIED.

   6. In light of this order, Plaintiff's motion for a stay pending resolution of certain outstanding motions (Docket No. 58) is DENIED as moot.

   7. Plaintiff's motion to "strike" unpublished cases cited by Defendants (Docket No. 57) is DENIED. The Court will not "strike" cases, but will only consider cases cited by the parties to whatever extent the Court finds them to be applicable and to

be either persuasive or binding authority.

8. Plaintiff's motion for an extension of time to file a status report regarding discovery (docket no. 63) is GRANTED.

9. Plaintiff's first request for documents pursuant to F.R.C.P. 34 (Docket No. 66) is DENIED; discovery requests are to be sent directly to the party from whom discovery is sought and are not to be filed with the Court.

10 Plaintiff's motion for a briefing schedule (Docket No. 70) is GRANTED, pursuant to the briefing schedule ordered herein.

This order terminates Docket Nos. 33, 44, 48, 57, 58, 59, 63, 66, 70.

IT IS SO ORDERED.

DATED: March 13, 2008

_____
JEFFREY S. WHITE
United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

SHWARTZMILLER,

        Plaintiff,

  v.

SMITH et al,

        Defendant.

Case Number: CV05-03066 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 13, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dean A. Schwartzmiller
Deuel Vocational Institution
F67490
P.O. Box 600
Tracy, CA 95378-0600

Dated: March 13, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk